The document below is hereby signed.

Signed: October 1, 2014



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
BARBARA ANN MINOR,                 )   Case No. 14-00574
                                   )   (Chapter 13)
            Debtor.                )   **Not for Publication in**
                                   )   **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DIRECTING DEBTOR
TO SUPPLEMENT HER REQUEST FOR TEMPORARY WAIVER
OF THE PREPETITION CREDIT COUNSELING REQUIREMENT

On exhibit D to the voluntary petition (Dkt. No. 3), the debtor requested a temporary waiver of the prepetition credit counseling requirement based upon exigent circumstances but failed to provide any information as to such exigent circumstances.

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that she requested credit counseling services from an approved non-profit budget and credit counseling agency before she filed her petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the court finds good cause to grant the waiver.  This exemption applies only for the first thirty days following the filing of the debtor's petition, and the court may grant a fifteen day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

Although the debtor checked box no. 3 on Exhibit D, which requests a waiver based on exigent circumstances, the debtor is silent as to what those circumstances are.  Without more information, the court is unable to evaluate whether the debtor was, in fact, faced with exigent circumstances that merit a temporary waiver of the prepetition credit counseling requirement.

Furthermore, even if the debtor had adequately described the exigent circumstances that necessitated the prompt filing of the petition, the debtor has failed to provide any information regarding the debtor's prepetition request or requests to obtain credit counseling and why she was unable to obtain the counseling

within seven days of requesting such services.  The court being unable to grant the debtor's request for a temporary waiver without additional information, it is

ORDERED that within 14 days after entry of this order, the debtor shall supplement her request for temporary waiver with a description of the exigent circumstances that the debtor contends merit a temporary waiver of the prepetition credit counseling requirement.  The debtor shall further supplement her request with a description of the prepetition request or requests that she made for credit counseling services, including the date on which such requests were made, the agency or agencies that she contacted, the identity of any individuals with whom she spoke at those agencies, and the reason why the agency or agencies were unable to provide the requested counseling within seven days of the debtor's requests.  It is further

ORDERED that if the debtor fails to supplement her request for waiver in accordance with the foregoing and to the satisfaction of the court, the court shall deny the debtor's request for a temporary waiver of the prepetition credit counseling requirement and shall have no choice but to dismiss this case based upon the debtor's ineligibility to be a debtor in bankruptcy pursuant to 11 U.S.C. § 109(h).

[Signed and dated above.]

Copies to:  Debtor; recipients of e-notification of orders.